# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**STONINGTON INSURANCE COMPANY,**

    **Plaintiff,**

v.                                           Case No.  8:10-cv-1005-T-30TGW

**BIG D DELI, INC., et al.,**

    **Defendants.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff Stonington Insurance Company's Motion for Final Summary Judgment (Dkt. 23), Defendant Elizabeth Louise Clark's Response in opposition (Dkt. 26)[1], and Plaintiff's reply in support of the motion (Dkt. 30). The Court, having considered the motion, response, reply, and being otherwise advised in the premises, concludes that the motion should be granted.

### Background

This action arises out of a personal injury lawsuit brought in Florida state court by Elizabeth Louise Clark[2] against Big D Deli, Inc. d/b/a 7 Stars Convenience Store ("7 Stars"). The underlying complaint alleged that 7 Stars violated Florida's Dram Shop Act by selling alcohol to Robert Clark and that 7 Stars knew or should have known that Robert Clark was

---

[1] Defendant Big D Deli, Inc. failed to respond to the motion for summary judgment.

[2] Elizabeth Louise Clark appears in this case and in the underlying action as Plenary Guardian of the person and property of Robert C. Clark III, and for C.C., a minor.

a minor and/or person habitually addicted to the use of alcoholic beverages. After having been served alcohol by 7 Stars, Robert Clark became intoxicated and drove his car in that condition. He then lost control of the car and crashed into a tree, which caused serious injuries and put him in a permanent vegetative state.

Stonington initiated this declaratory judgment action seeking a declaration from the Court that the insurance policy issued to 7Stars does not cover the claims brought by Clark. Stonington issued an insurance policy to 7 Stars for the period from July 30, 2008 to July 30, 2009. In an unopposed motion for partial summary judgment, Stonington sought a judgment that the policy at issue contained an unambiguous exclusion for liquor liability and that 7 Stars had rejected liquor liability coverage. The Court granted the motion on February 16, 2011.

In her affirmative defenses and counterclaims, Clark seeks to apply equitable estoppel, reformation of the policy, and a declaration that the policy should include liquor liability coverage. Clark bases her claims on the allegation that Dina Kassir, an insurance broker at Global Coverage, misrepresented the need for liquor liability coverage to Ali Iraq, the principal of 7 Stars. Clark claims that Kassir was a "direct, apparent or statutory insurance agent of Stonington." Stonington now moves for summary judgment arguing that Kassir was not Stonington's agent as a matter of law.

**Summary Judgment Standard**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248;

*Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

**Discussion**

Defendant alleges that Stonington should be estopped from denying coverage, that the policy should be reformed to include liquor liability coverage, and that the Court should declare that Stonington is liable for the misrepresentations of Kassir, an insurance broker. Stonington argues that, even assuming Kassir made the misrepresentations as alleged, Stonington cannot be held liable for those misrepresentations because there was no apparent agency between Stonington and Kassir and there was no statutory agency.

**A.    Apparent Authority**

Florida courts apply a three prong test to determine if apparent agency exists. *Almerico v. RLI Ins. Co.*, 716 So.2d 774, 777 (Fla. 1998). "[F]irst, whether there was a representation by the principal; second, whether a third party relied on that representation; and, finally, whether the third party changed position in reliance upon the representation and suffered detriment." *Id.*

Clark focuses her argument on the fact that Iraq, as principal of 7 Stars, reasonably believed that Kassir was Stonington's agent. She contends that Iraq detrimentally relied on "Mrs. Kassir's representation that she specialized in providing all appropriate coverages for convenience store businesses selling beer and retail gas." The issue at this stage, however, is not whether Kassir made a misrepresentation regarding the need for liquor liability or even

whether Kassir misrepresented her status as an agent of Stonington. Stonington must have made a representation that could lead Iraq to reasonably believe that Kassir was Stonington's agent.

Clark has not provided any evidence that Stonington made any representation of that kind. Nor is there any evidence that Iraq relied on any statement made by Stonington. In fact, Iraq did not even know which insurance company was issuing the policy. He believed that Kassir/Global Coverage was the insurer. Dkt. 26, p. 6-7. Without a representation by Stonington or evidence of reliance by Iraq, there can be no apparent agency.

**B.     Statutory Agency**

Under Florida law, an insurer may be held liable for the actions of an unaffiliated broker if the insurer provides certain business materials to the broker. *Almerico*, 716 So.2d at 777. Florida Statute 626.342 prohibits an insurer from providing to an unaffiliated insurance agent "any blank forms, applications, stationery, or other supplies to be used in soliciting, negotiating, or effecting contracts of insurance on its behalf." Fla. Stat. § 626.342(1) and (2). The only document that Clark alleges was provided to Kassir was the policy document itself, which lists Global Coverage under "Agent Name" on the third page. The policy, however, was not issued until after the insurance contract was solicited, negotiated, and effected. The statute, therefore, does not apply under the facts of this case.

It is therefore ORDERED AND ADJUDGED that:

1.     Stonington Insurance Company's Motion for Summary Judgment (Dkt. 23) is GRANTED.

2. The Clerk is directed to enter judgment in favor of Plaintiff Stonington Insurance Company and against Defendants Big D Deli, Inc. d/b/a 7 Stars Convenience Store and Elizabeth Louise Clark.

3. The Clerk is further directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 14, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-1005.msj 23.frm